**BEHRLE v BOARD OF EDUCATION OF ST BERNARD et**

Ohio Appeals, 1st Dist, Hamilton Co

No 4827. Decided June 24, 1935

Naylor & Pulse, Cincinnati, for plaintiff.
Wilbur H. Apking, Cincinnati, for defendants.

**OPINION**

By HAMILTON, J.

At the time the bonds in question were issued, the total net indebtedness of the City School District of the City of St. Bernard was approximately equal to 1/10 of 1% of the total value of all property in the School District, as listed and assessed for taxation. §2293-15, GC, provides:

"The net indebtedness created or incurred by any school district without a vote of the people shall never exceed one-tenth of one per cent of the total value of all property in such school district as listed and assessed for taxation. * * *."

It is admitted that the proposal to issue the bonds in question was not submitted to a vote of the people, and that the bonds exceeded the limitations prescribed by the section named. The bonds were, therefore, improperly issued, and were issued without warrant of law, and are, therefore, invalid.

Something is claimed for the respondent under §2293-37, GC. This section provides that when bonds are issued pursuant to the uniform bond act, they shall be incontestable. The pertinent part of the section is as follows:

"Any bonds reciting that they are issued pursuant to this law, complying on their face with the provisions thereof, issued for a lawful purpose within the limitations pre-

scribed by law, * * * shall be incontestable unless such action or proceeding is begun prior to the delivery of such bonds."

We call attention to the provision that the incontestable feature applies only where the bonds are issued for a lawful purpose within the limitation prescribed by law. The bonds in question were not issued within the limitation prescribed by law, and are, therefore, not protected by the incontestable defense.

The other proposition is that the School District having received the benefits of the bonds, it is now estopped to deny their validity.

There are many cases in the books holding that where an innocent purchaser of bonds, which contain recitations to the effect that all laws applicable have been complied with, is protected by the recital, and that the corporation or quasi-corporation will be estopped to challenge the validity of the bonds when presented for payment in the hands of such innocent purchaser. There are many cases holding the contrary. The cases on the question are collected in 86 A.L.R. 1057, et seq. However, we find no case involving the same state of facts as presented here. The action is by a taxpayer, who is required to pay all legal taxes. The limitation is for his protection. He had no knowledge of the action of the School Board in issuing bonds beyond the limitation allowed by law. The bonds were purchased by the Sinking Fund Commissioners, which commission constitutes an arm of the same government under which the bonds were issued. The Sinking Fund Commissioners ought to be chargeable with notice of the bonded indebtedness of the subdivision. It is their duty, enjoined by statute, to take care of the discharge of the bonded indebtedness, and we do not think they are innocent purchasers within the meaning of the law. as pronounced by those cases holding that estoppel would lie where the bonds were held by innocent purchasers.

It is suggested that to show the good faith on the part of the Sinking Fund Commissioners in making the purchase of the bonds, that they first sought the opinion of the City Solicitor, as to their legality. He reported to them in writing that the bonds were legal, and complied with the laws in every respect. The opinion of the City Solicitor is no more protection to the Sinking Fund Commissioners than the recital in the bonds. They had the bond

records before them. They undoubtedly had in the city office the assessed valuation of all the taxable property in the District. They had every opportunity to examine the figures for themselves, and may not shift the duty, enjoined upon them by statute, to the City Solicitor. whom they considered their legal adviser.

The refusal to grant the relief asked for in this case would make it possible for the officers of any subdivision to ignore and set aside all limitations as to the issuing of bonds, without a vote of the people, through manipulation with the Sinking Fund Trustees.

Our conclusion is that the plaintiff is entitled to the relief sought and a decree may be presented accordingly.

ROSS, PJ, and MATTHEWS, J, concur.